IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL DUANE MARLIN,

    Plaintiff,

vs.

ANTHONY HAYNES; STANLEY, Safety Supervisor; KENDRICK LENNON; JUANITA GREEN; and DR. LIBERO;

    Defendants.

CIVIL ACTION NO.: CV212-052

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Keeton Corrections Incorporated in Spanish Fort, Alabama, filed an action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), contesting certain conditions of his confinement while he was housed at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Plaintiff filed a motion to proceed *in forma pauperis* in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Marlin v. Marquez, CV205-146 (E.D. Ark. Feb. 23, 2006) (dismissed for failure to state a claim); (2) Marlin v. Alexandre, et al., (W.D. La. July 25, 2006) (dismissed as being frivolous, for failure to exhaust available administrative remedies[1], and for failure to state a claim); (3) Marlin v. Fontenot, CV206-1017 (W.D. La. Nov. 14, 2006) (dismissed as frivolous and for failure to state a claim); and (4) Marlin v. Raper, et al., CV206-4 (E.D. Ark. Mar. 13, 2007) (dismissed for failure to state a claim).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

2

not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff asserts that Juanita Green and Kendrick Lennon placed him in the kitchen at FCI Jesup to work on June 6, 2011, even though Plaintiff has been confined to a wheelchair since 2005. Plaintiff also asserts that he asked Warden Haynes to intervene on his behalf, and Warden Haynes told him to contact the medical unit or his unit team. Plaintiff contends that he was in severe pain and not one of the Defendants "took pity" on him. (Doc. No. 1, p. 5). Plaintiff alleges that Doctor Libero discontinued his medications on January 25, 2012, which caused him to have difficulty sleeping and anxiety attacks. Plaintiff also alleges that he asked Safety Supervisor Stanley to ensure his safety, yet Mr. Stanley would not respond to his requests.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on March 9, 2012. Accordingly, the Court **VACATES** its March 12, 2012, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**,

AO 72A
(Rev. 8/82)

and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of March, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)